FILED
2008 Dec-11 PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THERMAN JERRY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-G-0663-S |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION**

The plaintiff, Therman Jerry Davis, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

   (1)   whether the claimant is currently employed;
   (2)   whether he has a severe impairment;
   (3)   whether his impairment meets or equals one listed by the Secretary;
   (4)   whether the claimant can perform his past work; and

> (5)    whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. Id.

In the instant case, ALJ Robert Spurlin determined the plaintiff met the first two tests, but concluded that while he has an impairment or combination of impairments considered "severe," he did not suffer from a listed impairment. In his decision, the ALJ found that the plaintiff has the residual functional capacity to perform a full range of medium work. [R. 15]. Accordingly, the ALJ found the Plaintiff not to be disabled.

### THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN OR OTHER SUBJECTIVE SYMPTOMS

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the

> alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, <u>neither requires objective proof of the pain itself</u>. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard <u>a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself</u>. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

> When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

**THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY WHEN PAIN OR OTHER SUBJECTIVE SYMPTOMS ARE INVOLVED**

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers withing the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the Commissioner to establish that he can perform other work.  In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed.  This is so even if no other hypothetical question is posed to the VE.  See Gamer v. Secretary of Health and Human

Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail). However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony is credited. Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit the plaintiff's pain testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id. If the VE is asked whether the claimant could perform other jobs if his testimony of pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id.

## DISCUSSION

In his decision, the ALJ found that the plaintiff suffered from the severe impairments of "high blood pressure, diabetes mellitus, enlarged heart and right hip

problems." [R. 15]. However, he found that the plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. . . ." [Id.]. The plaintiff alleges he is disabled due to a variety of impairments, including dizziness and fatigue. [R. 34]. He testified that he suffers from dizziness when changing posture or positions, such as going from a seated to a standing position, or from standing to a seated position. [Id.]. The plaintiff stated that he is "tired all the time." [R. 35]. He testified that during a normal eight-hour day, he spends approximately four hours resting or napping. [R. 40]. The plaintiff described problems with his right wrist, stating that "in the wintertime, it gets so cold I can't even open my hand. It's just numb all the time." [R. 33]. He also testified that he has difficulty walking because of arthritis in his hip, and rated his hip pain as seven on a scale of one to 10. [R. 33-34].

The ALJ explicitly found plaintiff met the Eleventh Circuit pain standard: "the claimant's medically determined impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." [R. 17]. The ALJ based his credibility finding on the plaintiff activities of daily living:

> In terms of the claimant's activities of daily living, the claimant functions quite independently by preparing his own meals, maintaining personal hygiene, and performing household chores. He indicated that he drives, plays with his grandchildren, and watches television. In addition, the claimant is apparently able to care for young children at home, which can be quite demanding both physically and emotionally, without any particular assistance (Exhibit 4E). On August 9, 2005, Dr. Jani reported that the

claimant was able to cook, does some yard work, and drives (Exhibit 3F/1). It is evident that daily activities continue in spite of claimant's subjective allegations of incapacitating pain. There is no evidence that the claimant requires around the clock assistance for daily living. On the contrary, the evidence supports the fact that he functions quite independently.

[R. 17-18]. The reasons articulated by the ALJ in rejecting the plaintiff's pain testimony are not supported by substantial evidence. Specifically, the ALJ mischaracterized the plaintiff's description of his daily activities in reaching the conclusion that his subjective symptoms[1] do not restrict his daily life. While it is true that the plaintiff stated that he drives, the ALJ omits his qualification that he "drive[s] to mom's 15 min [sic] away once or twice a week." [R. 87]. It is also true that the plaintiff testified he plays with his grandchildren[2], but the ALJ fails to mention that the plaintiff described this activity as

---

[1] While he held that the plaintiff's description of his functional restrictions "is inconsistent with the weight of the record," the ALJ failed to address the plaintiff's non-exertional limitations, such as dizziness, nausea and fatigue. [R. 17]. The ALJ merely concluded that the plaintiff's "daily activities continue in spite of claimant's subjective allegations of incapacitating pain. There is no evidence that the claimant <u>requires around the clock assistance</u> for daily living. On the contrary, the evidence supports the fact that he functions quite independently." [R. 17-18](emphasis added). The Social Security Act does not require a claimant to need around-the-clock assistance in order to be found disabled..

[2] The ALJ said that the plaintiff "is apparently able to care for young children at home, which can be quite demanding both physically and emotionally, without any particular assistance." [R. 17]. Despite the assumptions made by the ALJ regarding the "demanding" nature of "car[ing]" for his grandchildren, it is clear from the plaintiff's testimony that he is largely dependent on his daughter who lives with him, and who is also his grandchildren's primary caregiver. [R. 35-36]. The plaintiff never said he cared for his grandchildren – only that he plays with them. There is a large difference between "playing with" and "caring for." The ALJ had no right whatsoever to extrapolate "playing with" into "caring for." This is purely an assumption by the ALJ, totally without evidence. This is a grievous and serious error.

"play[ing] with grandchildren outside sitting in chair." [Id.]. The ALJ also stated that the plaintiff "watches television." [R. 17]. The ability to watch television, do occasional shopping, or perform other sporadic activities does not mean the plaintiff is not disabled. In this circuit it has been recognized that "participation in everyday activities of short duration, such as housework or fishing," does not disqualify a claimant from disability. Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997). As has been noted:

> [S]tatutory disability does not mean that a claimant must be a quadriplegic or an amputee. Similarly, shopping for the necessities of life is not a negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days. <u>Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity</u> . . . . It is well established that sporadic or transitory activity does not disprove disability.

Smith v. Califano, 637 F.2d 968, 971-72 (3rd Cir. 1981) (emphasis added). It is the ability to engage in gainful employment that is the key, not whether a plaintiff can perform minor household chores or drive short distances. In Easter v. Bowen, the court observed as follows:

> Moreover, an applicant need not be completely bedridden or unable to perform any household chores to be considered disabled. See Yawitz v. Weinberger, 498 F.2d 956, 960 (8th Cir. 1974). What counts is the ability to perform as required on a daily basis in the "sometimes competitive and stressful" environment of the working world. Douglas v. Bowen, 836 F.2d 392, 396 (8th Cir. 1987) (quoting McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc)).

867 F.2d 1128, 1130 (8th Cir. 1989). The Easter court further noted that "[e]mployers are concerned with substantial capacity, psychological stability, and steady attendance . . . ." 867 F.2d at 1130 (quoting Rhines v. Harris, 634 F.2d 1076, 1079 (8th Cir.1980)).

With this standard in mind, it is clear that the ALJ's articulated reasons for rejecting the plaintiff's testimony regarding his subjective symptoms testimony are not supported by substantial evidence. The ALJ's selective description of the plaintiff's activities is disingenuous, as he accepts the plaintiff's listing of his activities, but not his limiting description of them.   Therefore, the ALJ failed to satisfy the requirements of Hale.  The conclusion of that court is equally appropriate in the instant case.  "[T]he Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence.  It follows, therefore, that claimant's pain testimony has been accepted as true."  Hale, at 1012.

## CONCLUSION

No vocational expert testified at the ALJ hearing, so there is no expert testimony as to whether the claimant can perform any jobs if his subjective testimony is credited.  Consequently, the Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work.  Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.  An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 11 December 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.